CLARENCE E. McMANUS, Judge.
 

 laThis is an appeal from the trial court’s grant of a peremptory exception of prescription in favor of appellee, Jack A. Tittle, Jr. and Tittle & Tittle, Attorneys at Law, dismissing the legal malpractice claims of appellants.
 

 STATEMENT OF THE CASE
 

 Appellants, Keith G. Rose, Kurt E. Rose, Kenneth E. Rose, Donna Rose Billo-daux, and Kevin Rose, are the children of Edmond Gessner Rose. Rose executed a Last Will and Testament on August 15, 1997 bequeathing his entire estate to Dorothy Topolank Barbier. On January 8, 1999, Rose executed another Last Will & Testament, prepared and notarized by Jack Tittle, Jr., Attorney at Law. Tittle’s two secretaries signed the will as witnesses. This 1999 will revoked all prior wills and bequeathed his entire estate to his five children, the appellants listed above. Rose died on July 31,1999.
 

 On October 21, 1999, Barbier filed a Petition for Probate
 
 &
 
 Confirmation of Executrix seeking to probate the 1997 will. Appellants then filed a Petition to Annul Probated Testament and sought to probate the 1999 will, arguing the 1997 |swill had been revoked. In the course of the proceedings, Barbier sought affidavits from the notary and witnesses to the 1999 will. Tittle sent a letter by fax to counsel for appellants, Paul Eckert, on July 27, 2000, regarding the affidavits. Tittle advised Eckert that neither witness to the 1999 will could recall being present when the will was signed. Tittle further informed Eckert that he had checked his notes on the matter and must recant his earlier statements regarding the will. In the letter, Tittle further explained the circumstances surrounding the signing of the will. He indicated that Rose signed the will when Tittle was in Slidell with him. Tittle’s secretaries later signed the will as witnesses.
 

 On July 31, 2000, appellants’ counsel, Eckert, sent a letter to Barbier’s counsel, Richard Swartz, stating it was his opinion that the court would find the 1999 will invalid, the 1997 will revoked, and the succession would be treated as intestate.
 

 At Barbier’s request, the deposition of Tittle was held on August 10, 2000. Tittle admitted in his deposition that the 1999 will was not properly confected because it was not signed in the presence of two witnesses.
 

 On August 8, 2001, appellants filed a Petition for Damages alleging Tittle, as Rose’s attorney, failed to execute a valid will on behalf of Rose on January 8, 1999. Appellants contended Tittle revealed for the first time at his August 10, 2000 deposition that the will was not properly con-fected. Appellants alleged Tittle had maintained the will was valid and executed by Rose in the presence of two witnesses until his deposition.
 

 In response to this petition, Tittle filed an Answer and exception of prescription or preemption on May 31, 2002. Following further discovery, Tittle filed a Peremptory Exception of Prescription on July 29, 2008 alleging the appellants’ lawsuit had been filed more than one year after they received notice of |4a possible legal malpractice claim. Tittle alleged appellants
 
 *934
 
 first learned of the possible claim in the July 27, 2000 letter from Tittle to Eckert. Since the petition was not filed until August 8, 2001, Tittle argued the petition was filed more than one year after appellants discovered, or should have discovered, the alleged act that was the basis of the legal malpractice claim, therefore, the claim was prescribed.
 

 The trial court held a hearing on the exception on September 30, 2008. The trial court granted Tittle’s exception of prescription and stated in open court that the letter written by appellants’ counsel, Eckert, to Barbier’s counsel, Swartz, on July 31, 2000 states that it was Eckert’s opinion that the 1999 will was invalid. Therefore, there was notice of the possible legal malpractice claim at that time. On September 30, 2008, the trial court executed a written judgment granting Tittle’s exception of prescription and dismissing appellants’ Petition for Damages with prejudice.
 

 Appellants now appeal the trial court’s judgment. For the reasons which follow, we affirm the trial court’s judgment.
 

 DISCUSSION
 

 On appeal, appellants contend the August 10, 2000 deposition of Tittle was the first time he specifically stated no witnesses were present when the 1999 will was executed. The appellants assert that the letter faxed on July 31, 2000 from their counsel, Paul Eckert, to counsel for Barbier, Richard Swartz, attached and referenced the July 27, 2000 letter from Tittle but only stated the 1999 testament may be invalid.
 

 Tittle argues in opposition that Eckert also specifically stated in his July 31, 2000 letter to Swartz that, in accordance with the Fifth Circuit case of
 
 Succession of Le Gardeur,
 
 747 So.2d 204 (La.App. 5th Cir. 1999), it was his opinion that the court would find the 1999 will invalid. Tittle argues that Eckert knew as early as 15July 27, 2000, or at least by July 31, 2000, that the will was defective. Thus, Tittle contends Eckert and the appellants knew of the defect in the will, and the possible malpractice claim against him, before his August 10, 2000 deposition.
 

 La. R.S. 9:5605 provides that an action for legal malpractice against an attorney must be filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered, or should have been discovered. Notice to the client’s attorney is imputed to the client for purposes of determining when prescription begins to run.
 
 Lirette v. Roe,
 
 1993-0441 (La.App. 4 Cir. 1/13/94), 631 So.2d 503.
 

 In this case, Tittle’s July 27, 2000 letter acknowledged to Eckert, appellants’ counsel, that the witnesses to the 1999 will were not present when the will was executed and he was recanting his earlier statements regarding the presence of the witnesses after checking his notes. Further, the July 31, 2000 letter from Eckert to Swartz clearly states that it is Eckert’s opinion that the court will find the 1999 will invalid. Therefore, Eckert, appellants’ counsel, had discovered the alleged act of legal malpractice no later than July 31,
 
 2000.
 

 The appellants’ petition for damages alleging legal malpractice against Tittle was not filed until August 8, 2001. This petition was filed more than one year after the alleged act of malpractice was discovered or should have been discovered, as required by La. R.S. 9:5605. Thus, we find the trial court correctly granted Tittle’s exception of prescription and correctly dismissed all claims against him.
 

 
 *935
 
 Accordingly, the trial court’s judgment granting the exception of prescription and dismissing appellants’ Petition for Damages against Tittle is affirmed.
 

 AFFIRMED.